United States District Court District of South Dakota

Southern Division

_____

Civil Action no. 17-4165

Laura London, Survivor & Personal Representative of The Estate of Michael London

-V-

Darrell Miller, Steve Smith, Scott Powers, John Koenig, Joe Hutmacher, Frank Scott, Dustin Powell, Catland Landegent, Cody Schmeichel, Chris Konrad, Toby Russell, Brian Biehl, Adam Woxland, Steve Manger, Terrence Reylets, Dean Knippling, Don Jennings, Robert Mayer, Diana Landegent, Bridget Mayer, Kelly Marnette, David Natvig, Paul Scheuth, Richard Bertram & City of Winner, SD Jail Staff, City of Winner, SD Jail Medical Staff, Brule County, SD Jail Staff

Plaintiff's Objection to Defendants Joe Hutmacher, Catland Landegent and Dustin Powell's Motion to Dismiss

**Laura London, Plaintiff, objects to the Defendant's Motion to Dismiss. The clearly establish rights afforded to Michael London by the U.S. Constitution were violated. Defendants Joe Hutmacher, Catland Landegent, and Dustin Powell were active in the violation of Michael London's Constitutional Rights.**

### Objection to ARGUMENT 1 Governing Legal Standard

Plaintiff did present a short and plain statement showing that she is entitled to relief.

Per instructions under Section III. of Form Pro Se 15 (Rev. 09/16) Complaint for Violation of Civil Rights (Non-Prisoner) the plaintiff stated the claim "as briefly as possible" and did not "cite any cases or statutes."

Per instructions under Section IV of the above-mentioned form, the plaintiff listed injuries.

Per instructions under Section V. of the above-mentioned form, Plaintiff stated briefly what she wanted the court to do for her, did not cite any cases or statutes. Did include money damages and claims with an explanation of the claims.

Through the introduction of evidence and discovery, Plaintiff can introduce evidence to show that this case has been presented with proper purpose, is supported by existing law and by non-frivolous argument, the factual contentions have evidentiary support and will likely have evidentiary support after further investigation and discovery.

This court does have jurisdiction over this case because the Defendants, who were "acting under the color of state law," directly and contributorily caused Michael London to be deprived of his rights and privileges secured by the Constitution and laws, therefor shall be liable to the Plaintiff as an injured party.

Federal jurisdiction in this case is appropriate under 28 U.S.C. §§ 1331 and 1343. "Pendant jurisdiction is appropriate for the state law claims since those claims arise from a "common nucleus of operative facts." *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)."

## Objection to Argument 2

Gross negligence, deliberate indifference, reckless conduct, infliction of emotional distress and nonfeasance of duty by the Defendants did violate the Civil Rights of Michael London and are under cognizable under Section 1983 as there is a common nucleus of operative facts.

Joe Hutmacher, Catland Landegent and Dustin Powell had a duty to protect Michael J. London and his Constitutional rights. There was a special relationship between the "Chamberlain Defendants" and Michael London. *Jeffs v. West* "The long-recognized distinction between acts and omissions-or misfeasance and nonfeasance—makes a critical difference and is perhaps the most fundamental factor courts consider when evaluating duty. Acts of misfeasance, or "active misconduct working positive injury to others," typically carry a duty of care. Nonfeasance—"passive inaction, a failure to take positive steps to benefit others, or to protect them from harm not created by any wrongful act of the defendant"—by contrast, generally implicates a duty only in cases of special legal relationships." "Special relationships "arise when one assumes responsibility for another's safety or deprives another of his or her normal opportunities for self-protection." *Webb, 2005 UT 80,* "Traditional examples include "common carrier to its passenger, innkeeper and guest, landowner and invitees to his land, and one who takes custody of another." Id. (citing Restatement (Second) of Torts § 314A (1965) "

*Evidentiary support of a conspiracy to violate will be made available through Discovery; this claim should not be dismissed.

## Objection to Argument 3

The defendants were grossly negligent; their nonfeasance of duty did violate the Civil rights of Michael London. The defendants did have the authority to take action to prevent the violations of the Constitutional Rights of Michael London. Chief of Police Joe Hutmacher had supervisory powers and directly participated in the event, then turned a blind eye (Williams v Smith.) Catland Landegent directly participated in the event, unholstered his duty weapon, pointed the weapon at Don London, displaying authority under the color of law. Dustin Powell was aware of the situation, was present when the events occurred and had the authority to take action to prevent the violation of the rights provided to Michael London by the U.S. Constitution. The Defendants did have authority to make an arrest under a joint powers agreement. Actions taken by the defendants, as well as evidence and discovery will show this.

Joe Hutmacher was involved in incidents that took place on January 7, 2015. This claim will have evidentiary support and will likely have evidentiary support after further investigation and discovery.

The Defendants did have a duty and a special relationship existed as established in *Webb v. University of Utah,* "[T]he distinction between acts and omissions is central to assessing whether a duty is owed [to] a

plaintiff. In almost every instance, an act carries with it a potential duty and resulting legal accountability for that act. By contrast, an omission or failure to act can generally give rise to liability only in the presence of some external circumstance—a special relationship." "A special legal relationship between the parties thus acts as a duty-enhancing, "plus" factor. Even in nonfeasance cases, where a bystander typically would owe no duty to prevent harm, a special legal relationship gives rise to such a duty."

### Objection to Argument 4

The court should not dismiss, by use of discretion, any of the claims against the" Chamberlain Defendants."

The actions of the Defendants referred to by their counsel as "The Chamberlain Defendants" are not separate or distinct from Federal claims. There is a common nucleus of operative facts that were briefly stated by the Plaintiff in the Complaint, as instructed; plaintiff has evidentiary support and will likely have further evidentiary support after further investigation and discovery. The court has jurisdiction over this case and all claims are actionable under Section 1983, as Hutmacher, Landegent and Powell were acting under the color of law. They were not innocent bystanders; they were active participants with authority, knowledge, ability and a duty to prevent the further Emotional Distress of the Plaintiff as well as prevent the violation of Michael London's Constitutional rights. Under the color of law these defendants had a duty. Evidence will show that they grossly neglected their duty, showed deliberate indifference and reckless conduct as trained Law Enforcement Officers.

### Conclusion

For the reasons stated above, the Court should deny the pending Motion to Dismiss.

Date 2/9/18

*[signature]*

Laura London
1106 E 7th St
Webster, SD 57274
605-216-8023

## Certificate of Service

I certify that on the 9th day of Feb 2018, I served via U.S. Mail, I served the following document to the U.S. Clerk of Court and to the following:

Gary Thimsen
300 S Phillips Ave, Suite 300
P.O. Box 5027
Sioux Falls, SD 57117

Jack H. Hieb
Zachary W. Peterson
1 Court Street
P.O. Box 1030
Aberdeen, SD 57401

Douglas Deibert
200 E 10th St, Suite 200
P.O. Box 2498
Sioux Falls, SD 57101

And a True and Correct Copy was mailed to:

Eric Schulte
Justin T. Clark
206 W 14th St
PO Box 1030
Sioux Falls, SD 57101

Date 2/9/18

Laura London