UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LAURA LONDON, SURVIVOR AND PERSONAL REPRESENTATIVE OF THE ESTATE OF MICHAEL J. LONDON;<br><br>Plaintiff,<br><br>vs.<br><br>DARRELL MILLER, SHERIFF, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; STEVE SMITH, ATTORNEY, QMHP, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; SCOTT POWERS, DEPUTY SHERIFF, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; JOHN KOENIG, SD HIGHWAY PATROL TROOPER, RETIRED, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; JOE HUTMACHER, CHAMBERLAIN POLICE CHIEF, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; FRANK SCOTT, KIMBALL POLICE CHIEF, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; DUSTIN POWELL, CHAMBERLAIN POLICE OFFICER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; CATLAND LANDEGENT, CHAMBERLAIN POLICE OFFICER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; CODY SCHMEICHEL, SD HIGHWAY PATROL TROOPER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; CHRIS KONRAD, SOUTH DAKOTA DCI AGENT, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; TOBY RUSSEL, SOUTH DAKOTA DCI AGENT, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; BRIAN BIEHL, SD HIGHWAY PATROL TROOPER (FORMER), IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; ADAM WOXLAND, SD | 4:17-CV-04165-RAL<br><br><br>OPINION AND ORDER REGARDING REASON FOR DISMISSAL WITHOUT PREJUDICE |

| HIGHWAY PATROL, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; STEVE MANGER, SHERIFF LYMAN COUNTY, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; TERRANCE REYELTS, POLICE OFFICER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; DEAN KNIPPLING, POLICE SGT., IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; DON JENNINGS, DEPUTY SHERIFF, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; ROBERT MAYER, SOUTH DAKOTA HIGHWAY PATROL SGT., IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; DIANA LANDEGENT, CONSERVATION OFFICER, SDGFP, IN HER INDIVIDUAL AND OFFICIAL CAPACITY; BRIDGET MAYER, ASSISTANT ATTORNEY GENERAL, IN HER INDIVIDUAL AND OFFICIAL CAPACITY; KELLY MARNETTE, ASSISTANT ATTORNEY GENERAL, IN HER INDIVIDUAL AND OFFICIAL CAPACITY; DAVID NATVIG, STATE'S ATTORNEY, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; PAUL SCHEUTH, CHIEF OF POLICE &AMP; JAIL ADMINISTRATOR, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; RICHARD BERTRAM, STAFF, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; WINNER CITY JAIL STAFF, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY; WINNER CITY JAIL MEDICAL STAFF, IN THEIR OFFICIAL CAPACITY; AND BRULE COUNTY JAIL STAFF, IN THEIR OFFICIAL CAPACITY;<br><br>Defendants. | |
|---|---|

Plaintiff Laura London (Laura) brought this 42 U.S.C. § 1983 action against twenty-six defendants on December 5, 2017. Doc. 1. Ms. London, acting as personal representative of the estate of her father Michael London (Michael), seeks to recover for damages she alleges he

2

suffered due to deprivations of his constitutional rights during the episodes which led to his arrest and during the months he spent in prison before his death on October 16, 2015. Michael died unmarried, Doc. 31-10, and intestate, Doc. 31-8, survived by his children, David London, Donald London, Michael E. London, and Laura, Doc. 31-10. Defendants move to dismiss on various grounds. Many seek dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Defendant Frank Scott moves to dismiss Laura's claim against him under Rules 12(b)(2) and 12(b)(5). Other defendants seek dismissal on 12(b)(6) grounds and invoke qualified immunity. For the reasons stated below, this Court denies defendants' 12(b)(1) motions to dismiss, but will dismiss Laura's complaint without prejudice for a different reason, unless she obtains counsel by July 19, 2018.

I. Discussion

A. Defendants' 12(b)(1) Motions

Defendants' 12(b)(1) motions challenge Laura's standing to bring this suit. Defendants argue that because she was not the personal representative of the estate when she filed this suit, she lacks standing to bring the case. In Robertson v. Wegmann, 436 U.S. 584 (1991), the Supreme Court ruled that state law determines both whether a § 1983 cause of action survives the death of the party entitled to bring the claim and who is entitled to bring a surviving § 1983 claim on behalf of the decedent's estate. "Under [42 U.S.C.] § 1988 . . . state statutory law, modifying the common law, provides the principal reference point in determining survival of civil rights actions . . . ." Robertson, 436 U.S. at 589 (footnote omitted). Thus, this Court applies South Dakota law to resolve this issue.

In South Dakota, "[a]ll causes of action shall survive and be brought, notwithstanding the death of the person entitled or liable to the same. Any such action may be brought by or against

3

the personal representative or successors in interest of the deceased." SDCL § 15-4-1; see also SDCL § 29A-3-703(c) ("[A] personal representative of a decedent domiciled in this state at death has the same standing to sue and be sued in the courts of this state and the courts of any other jurisdiction as the decedent had immediately prior to death."). Furthermore, "[t]he powers of a personal representative relate back in time to give acts by the person appointed which are beneficial to the estate occurring prior to appointment the same effect as those occurring thereafter." SDCL § 29A-3-701. After several defendants filed motions to dismiss, Docs. 18, 22, 24, Laura was appointed to serve as the personal representative of her father's estate on February 16, 2018. Doc. 31-1. Under South Dakota law, Laura's present powers as personal representative relate back to when she commenced this suit on behalf of her father's estate. SDCL § 29A-3-701. Therefore, defendants' argument that Laura lacked standing because she was not personal representative when she filed the complaint lacks merit now that she has been so appointed, and their 12(b)(1) motions are denied.

**B. Other Standing Deficiency**

In her brief in opposition to the motions to dismiss, Laura argues that she should be allowed to continue proceeding pro se in this action. Doc. 31 at 1. However, Laura is not actually appearing "pro se" (for herself), but rather on behalf of her father's estate. Doc. 1 at 1. In Jones ex rel. Jones v. Correctional Medical Services, Inc., 401 F.3d 950 (8th Cir. 2005), the Eighth Circuit held that 28 U.S.C. § 1654 "prohibit[s] a non-attorney administrator of an estate from proceeding pro se when there are other beneficiaries or creditors of the estate." 401 F.3d at 951. This holding appears in conflict with SDCL § 29A-3-703, which imparts to personal representatives "the same standing to sue and be sued in the courts of this state and the courts of any other jurisdiction as the decedent had immediately prior to death," but "state law that conflicts with federal law has no effect," Jones

4

v. Vilsack, 272 F.3d 1030, 1033 (8th Cir. 2001). Thus, the rule stated in Jones ex rel. Jones v. Correctional Medical Services, Inc. controls in this case.

Laura is not an attorney licensed to practice before this Court, nor in state court. State Bar of South Dakota, Membership Directory As of March 20, 2018, § 2 at 12 (2018). She is not the only beneficiary of Michael's estate and thus cannot proceed pro se. Jones, 401 F.3d at 952. Under SDCL § 29A–2–103, an intestate decedent's entire estate passes to the decedent's descendants by representation if there is no surviving spouse. South Dakota's representation scheme provides that "the estate or [intestate] part thereof is divided into as many equal shares as there are (i) surviving children of the estate, if any." SDCL § 29A–2–106(a). Four of Michael's children survived him as heirs. Doc. 31-10. Thus, Laura cannot proceed pro se without engaging in the unauthorized practice of law, and her complaint should be dismissed under Jones. Jones, 401 F.3d at 951–952.

This Court will dismiss this case without prejudice to refiling later with counsel, unless Laura hires counsel to proceed and notifies this Court and opposing counsel no later than July 23, 2018. See Memon v. Allied Domecq QSR, 385 F.3d 871, 874 (5th Cir. 2004) (noting that district courts generally warn the party of need for counsel before dismissal or dismiss without prejudice).

## II. Conclusion

For the reason stated above, it is

ORDERED that the motions to dismiss made under Rule 12(b)(1), Docs. 22, 24, 29, are denied. It is further

ORDERED that the complaint will be dismissed without prejudice to refiling, unless Laura secures counsel to proceed by July 23, 2018. It is further

ORDERED that ruling is withheld on the remaining motions to dismiss as those may become moot if dismissal without prejudice occurs.

DATED this 2nd day of July, 2018.

BY THE COURT:

/s/ Roberto A. Lange
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE